0-693   This document has been reduced from legal size to letter

## No. 3058

This opinion holds:

1. A warrant of arrest is not necessary before a party can plead guilty to the offense of speeding in a justice of the peace court after a complaint has been filed and the party is in the custody of a Highway Patrolman.

2. A complaint filed by a Highway Patrolman is sufficient to sustain a plea of guilty without the issuance of further process by a justice of the peace.

3. A constable is not entitled to a fee of two dollars for reading a warrant of arrest to a motorist when the motorist is in the custody and under arrest by a Highway Patrolman.

4. A constable is not entitled to a fee for summoning witnesses unless he actually summoned such witnesses.

5. A charge of one dollar for release is a proper charge to be taxed as costs against the defendant when a plea of guilty is entered and a fine paid immediately after the defendant is notified of the amount and no commitment is made, and the officer who discharges or releases a defendant from the force and effect of a judgment restraining him is entitled to a fee of $1.00 for a release.

Limited by
Ex Parte Griffis
145 SW 2d 192

OFFICE OF THE ATTORNEY GENERAL

May 8, 1939

Honorable Homer Garrison, Jr.
Department of Public Safety
Austin, Texas

Dear Sir:

> Opinion No. O-693
> Re: Fees to which a constable
> is entitled in a speeding
> case where arrest is per-
> formed by Highway Patrol-
> man.

We are in receipt of your letter of April
25, 1939, wherein you outline the following facts:

"A Highway Patrolman arrested a motorist

for speeding and upon the suggestion of the
motorist he and the Highway Patrolman went to
the Justice of the Peace Office, in order that
the motorist might enter a plea of guilty and
pay his fine. Upon their arrival at the Jus-
tice of the Peace office, the Justice of the
Peace and a constable were sitting in the of-
fice. The Patrolman filed a complaint against
the motorist for speeding, and thereupon the
Justice of the Peace in the presence of the
motorist, Patrolman and Constable issued a
warrant for the arrest of the motorist; handing
this warrant to the Constable, who in turn
read it to the motorist, placing him under
arrest while the motorist was still in the
custody of the Highway Patrolman. The Justice
of the Peace, also, issued two subpoenas, for
witnesses, to wit: the Highway Patrolman, who
was present, and the Constable. These sub-
poenas were handed to the Constable but he
made no attempt to serve them.

"The motorist plead guilty to the charge and was assessed a fine of $15.50 itemized as follows:

```
Fine  . . . . . . . . . . . . . . . $ 2.00
Attorney's Fee . . . . . . . . . . .   5.00
Trial Fee  . . . . . . . . . . . .    4.00
Officers Cost
    Making Arrest. . . . . . . $2.00
    Summoning 2 Witnesses      1.50
    Release . . . . . . . . .  1.00
                                     4.50
Total                               $15.50
```

"The motorist was not committed to jail, but merely pleed guilty and paid his fine as hereinabove mentioned."

You thereupon request our opinion in response to the following five questions:

"1. Is a warrant of arrest necessary before a party can plead guilty to the offense of speeding in a Justice of the Peace Court after a complaint has been filed and the party is in the custody of a Highway Patrolman?

"2. Is a complaint filed by a Highway Patrolman sufficient to sustain a plea of guilty without the issuance of further process by a Justice of the Peace?

"3. Is a constable entitled to a fee of $2.00 for reading a warrant of arrest to a motorist when the motorist is in the custody and under arrest by a Highway Patrolman?

"4. Is a charge of subpoenaing witnesses

valid when a motorist is taken before a Jus-
tice of the Peace intending to plead guilty
thereby eliminating any testimony from any
witnesses?

"5. Is a charge of $1.00 for release a
proper charbe to be taxed as cost against the
defendant when a plea of guilty is entered
and a fine paid immediately after the defen-
dant is notified of the amount and no commit-
ment is made?"

In the case of Scott vs. State, 114, S.W. (2d)
564, it was held that Article 803, Penal Code, gives a
sheriff the authority to arrest a person without a war-
rant who operates an automobile upon the public highway
in excess of 45 miles per hour, and to deal with him as
provided by Article 792, Penal Code. Article 827a, Sec-
tion 16, of the Penal Code vests State Highway Patrolman
with all the rights and powers of peace officers to pur-
sue and arrest any person for any offense when said per-
son is found on the highway. Hence the Highway Patrolmen
have the right to make arrests in speeding cases, and to
deal with the persons arrested as provided in Article
792 of the Penal Code. The person arrested in the case
which you submit to us had the right to demand that he
should be taken forthwith before the Justice Court for
an immediate hearing, and he was therefore, in the proper
custody of the Highway Patrolman.

Under such circumstances the issuance of a war-
rant was wholly unnecessary, and your first question is
therefore answered in the negative. An affirmative answer
follows to your second question.

Article 1065, Code of Criminal Procedure, pro-
vides as follows:

"The following fees shall be allowed the
sheriff, or other peace officer performing
the same services in misdemeanor cases, to be
taxed against the defendant on conviction:

"1. For executing each warrant of arrest
or capias, or making arrest without warrant,
two dollars.

"2. For summoning each witness, seventy-
five cents.

"3. For serving any writ not otherwise
provided for, one dollar.

"4. For taking and approving each bond,
and returning the same to the courthouse, when
necessary, one dollar and fifty cents.

"5. For each commitment or release, one
dollar."

Honorable Homer Garrison, Jr., May 7, 1939, Page 4

There is no statute which requires that an
arrest fee be charged in every case. There is no sta-
tute under which a constable may receive arrest fees
in such cases except the above quoted Article 1065, Code
of Criminal Procedure. From the above statute it ap-
pears that he is entitled to receive a fee of $2.00
only where he executes the warrant of arrest of capias,
or where he makes an arrest without a warrant. In the
instance to which you refer he did not make the arrest,
but the Highway Patrolman performed that service. The
motorist still being in the custody and under arrest
by the Highway Patrolman, the mere reading of the war-
rant by the constable to the motorist would not consti-
tute an execution of the warrant of arrest. Our answer
to your third question is in the negative.

In the facts submitted to you, the constable made no attempt to serve the two subpoenas for witnesses which had been placed in his hands. Article 1065 provides a fee of $.75 to be paid for summoning each witness. The constable would not be entitled to such fee of $.75 per witness unless he summoned such witness. Referring to your fourth question, however, we would observe that a motorist, or any other defendant, would have the privilege of pleading not guilty if he should desire at the time when he should be called upon to plead to the complaint. This would be true notwithstanding the fact that he had theretofore advised that he expected to plead guilty. Therefore, the mere fact that he might state that he expected to plead guilty would not deprive the proper officers of the authority to cause subpoenas to issue for witnesses who might be necessary in the event the motorist should change his mind and enter a plea of not guilty. Under such circumstances, therefore, a charge for subpoenaing witnesses would be valid if such subpoenas should be executed.

On February 13, 1928, this department held in a conference opinion written by Hon. H. Grady Chandler and Hon. Callaway Calhoun, Assistants Attorney General, that a "release" for which a peace officer is allowed a fee of one dollar is for releasing or discharging a defendant from the force and effect of a judgment; and the fee is allowed in all cases where a defendant is convicted and discharged his fine and costs, whether under a plea of guilty or not guilty. We quote from this opinion as follows:

"The term 'release' must be construed according to its ordinary meaning. Webster's Dictionary defined release as follows:

"'To let loose again; to set free from restraint; to give liberty to or to set at liberty; to let go.'

"The dictionary also gives the word 'discharge' as a synonym for 'release'.

"Article 917 of the Code of Criminal Procedure, as heretofore stated, provides that the judgment of the justice court shall recite that the defendant is to remain in custody of the sheriff until the fine and costs are paid. Articles 785, 787 and 792 provide for enforcing a judgment in all misdemeanor cases and make provisions for discharging the defendant. The term 'release', therefore, as used in the fee bill and as defined in the dictionary, we believe, the same as 'discharge' and the officer who discharges or releases a defendant from the force and effect of a judgment restraining him is entitled to collect the fee of $1.00 for a release. As the judgment is the same in all cases of conviction, whether under a plea of guilty or a plea of not guilty, it follows, therefore, in every case an officer is entitled to a fee of $1.00 for a release. But a fee is not allowed for a commitment in every case unless the court is required to commit the defendant to jail in default of payment of the fine and costs or in the county court, the defendant might be committed to serve a jail sentence even though the fine and costs are paid."

It appears that this conference opinion has been followed by this department for more than eleven years; we are unable to find any authority to the contrary; the opinion appears to be based upon sound reasoning; we therefore, approve and follow this opinion.

You are therefore respectfully advised that it is the opinion of this department that a charge of one dollar for release is a proper charge to be taxed as costs against the defendant when a plea of guilty is entered and the fine paid immediately after the defendant is notified of the amount and no commitment is made, and that the officer who discharges or releases a defendant from the force and effect of a judgment restraining him is entitled to collect the fee of one dollar for a release.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

WJF:FC

This opinion has been considered in conference, approved, and ordered recorded.

GERALD C. MANN
ATTORNEY GENERAL OF TEXAS